## ROEHM v MIAMI SAVINGS & LOAN COMPANY et

Ohio Appeals, 2nd Dist, Montgomery Co.

No. 1652. Decided Nov. 29, 1940.

his wife and without the knowledge or consent of this plaintiff or his wife, the aforesaid account was fraudulently changed by the officers and agents then in charge of said building and loan company and transferred by said officers and agents of said company to an account called a running stock account, and said account was by said officers and agents of said building and loan company given a new number, to-wit, 23129, and without the knowledge or consent of this plaintiff or his wife and by reason of the unauthorized and fraudulent action of said officers and agents of said association then in charge this plaintiff and his wife became stockholders liable under the laws of the State of Ohio for the general indebtedness of the defendant company."

A. J. Dwyer, Dayton; C. J. Stoecklein, Dayton, for plaintiff.

McConnaughey, Demann & McConnaughey, Dayton, for defendant.

The defense was a general denial, averring that plaintiff, by his own act in 1933, became the holder of a running stock account and a stockholder of said association by the signing of a subscription card for that purpose and further that the claim of the plaintiff is barred by the statute of limitations.

We do not purpose to recite, at length, all the facts appearing in the "Agreed Statement of Facts" of the parties, and the testimony of the one witness, Dr. Roehm, but only to direct attention to those salient matters which, in our judgment, are determinative.

## OPINION

**By HORNBECK, PJ.**

This is an appeal on questions of law and fact from a decree of the Common Pleas Court reforming the books of defendant company so that the account of plaintiff would be carried thereon as a special deposit instead of a running stock account.

The plaintiff predicates his cause on the claim that,

"On the 13th day of June, 1930, without any notice to this plaintiff or to

It is agreed that the original account in this case was a special deposit made, of date, May 31, 1928 jointly, by William R. Roehm and Bessie L. Roehm, his wife. It was carried under No. 35978. This account was so carried until June 13, 1930, when it was changed on the books of the defendant company to a running stock account and a new book issued, numbered 23129, of date July 1, 1930. The book is not in the record, but it is stipulated that on its cover it was marked, "Savings Account in Lieu of Special Deposit Book No. 35978". Dr. Roehm testifies that this change of the deposit from a special deposit to a running account was made without the knowledge or

consent of himself or his wife and this is not disputed by any testimony except such inference as may be drawn from the books of the defendant association. Dr. Roehm says that he and his wife were notified that the association was making a change in their bookkeeping and that this was the occasion for the change in the books. Insofar as we are able to discern there was no such change in the character of the account as evidenced by the book which was given to the depositors as of date July 1, 1930, as would put them on notice that there had been any change in the class of their account.

Upon the proof then, we are required to say that as of July 1, 1930, there was no authorization by the depositors for the change of their account from special deposit to a running stock account. Dr. Roehm testifies that thereafter, throughout the years, there was some uncertainty about their status as account holders with the defendant association; that, at times, they were told by employees of the association that their account was running stock. This fact is the disturbing element in the case made on behalf of the plaintiff. We naturally inquire why some definite steps were not taken by the depositors, at any time during this period when the disconcerting statements were brought to their attention, to have with certainty a determination of the character of their account.

On May 11, 1931, the defendant association went on notice under its Constitution and By-laws and thereby any person having money in the institution was informed that probably their security was imperiled. It would be contrary to human nature for any special depositor with the association to yield the advantage accruing to him by reason thereof and change his deposit to running stock, the result of which would be to make him liable as a stockholder of the association.

It appears that Mrs. Roehm became disturbed by the reports that she was a stockholder and desired to have her name withdrawn from the account. Whereupon, her husband, Dr. Roehm, on January 6, 1933, went to the offices of the defendant association and completed a transaction whereby the joint account was closed and a new account opened in the name of William R. Roehm and the amount of the joint account was credited to a new book, which was numbered 21897 and was a running stock account. This book in itself carries no indicia which would inform the holder of the character of the account which he held with the association, except the general heading on the back thereof, "Savings Account". In the spaces within the book there are blanks for the dates of deposits, dates of withdrawals, the amount of deposits, the balance, and the heading "Interest or Dividend". This last heading is confusing because that which is paid to a depositor is properly characterized as interest and that which is paid of declared earnings to a stockholder is properly characterized a dividend. However, on the occasion of opening up this account, plaintiff signed a card carrying the same number as his account book and reading in part as follows,

"I hereby subscribe for thirty-nine (39) shares of stock of the Miami Savings & Loan Company, Dayton, Ohio, subject to the Constitution and By-Laws of said association; and authorize the increase of said shares as provided for in Section 13 of said By-Laws."

The plaintiff upon being interrogated about the number 39 on the card first said that he did not put this figure on the card. Thereafter he was not so certain. The signing of this card, if made under circumstances which would bind the plaintiff to the conditions thereof, was a subscription to stock of the defendant association and bound the plaintiff to that relationship. Herein is the crux of this case and it is not simple nor easy of determination. We are cited to the familiar legal principle that one may not sign an instrument without read-

ing its contents and thereafter be heard to say that he did not read it and did not know what it contained, but that he must stand by the words of his contract and if he will not read what he signs he alone is responsible for such omission. Upton v Triblecock, 91 U. S. 445; **Kroeger, Supt. v Brody, 134 Oh St 559-566.**

This principle, of course, is subject to the qualification that, under all the circumstances, the signer of the instrument may be heard to deny the effect thereof. Here it is the claim of the plaintiff that contrary to his original declaration at the time that the account was opened that it should be a special deposit throughout the years, he has been lead to believe that all that he and his wife had with the defendant association was a running stock account and that when he signed the card, he did so, upon this supposition and with the concept that he had no right to change the character of his account and without any appreciation that his relationship as special depositor had never legally and properly been changed on the books of the company.

As we have before said in other cases, there is an obligation upon a building and loan association toward its patrons akin to that of a fiduciary. When an association is desirous of changing the status of one who has money in its possession and such change involves different legal duties and obligations of the parties to the transaction, it devolves upon the association, who has the superior knowledge, to make plain the effect of such change. So, here, the outstanding probative fact is that, if Dr. Roehm had known when he opened up his individual account his real and true status with the association was that of special depositor, it is inconceivable that he would have changed to the status of a stockholder with the obligations that attended in view of the fact that the association was on notice. He states that the employe of the association with whom he dealt when the last account was opened up said nothing to him about the class of deposit which

was to be opened in his name, but merely handed him a card to sign.

Following the opening up of the last account, Dr. Roehm, in March, 1937, went to the defendant association, met a Mr. Smith, an employe of said association and after explaining that he had always been told that the account of himself and wife was running stock, requested that an examination be made to determine the true situation. Upon examination Mr. Smith informed Dr. Roehm that his original account was a special deposit. Thereupon Dr. Roehm, within a few hours, consulted an attorney with the result that the present suit was instituted.

Upon a fair consideration of the whole record in the light of all that we have before us, we hold that the plaintiff is entitled to the relief which he seeks in this case.

The statute of limitations is interposed as a defense which is not well made, if the date when Dr. Roehm put on notice of his true status was the time when he talked to Mr. Smith at the offices of the association. This, in our judgment, is the date when the statute began to run against him. The statute then, is not a valid defense to the suit.

We are of opinion that the plaintiff has sustained his case by the requisite degree of proof and that he is entitled to the relief sought. It will be so ordered.

Judgment for plaintiff.

GEIGER & BARNES, JJ., concur.